UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Crim. No. 91-0113 (TFH) |
| | ) | |
| MAURICE C. OWEN, | ) | |
| | ) | |
| Movant/Defendant. | ) | |

MEMORANDUM OPINION

Pending before the Court is the United States' Motion to Dismiss or Transfer Defendant's Motion to Set Aside and Reverse Verdict and or for New Trial. Upon consideration of the parties' submissions and relevant portions of the record, the Court will grant the government's motion and, accordingly, will deny the defendant's motion.

I. BACKGROUND

On March 24, 1992, following a conviction for possessing with the intent to distribute 5 grams or more of cocaine base, defendant was sentenced to 92 months imprisonment. Defendant's conviction and sentence were affirmed on appeal. *See United States v. Owens*, 56 F.3d 1532 (D.C. Cir.), *cert. denied*, 516 U.S. 902 (1995). Defendant then filed a motion for relief from judgment, which was denied by the Court on May 18, 1993. Defendant's motion for a new trial based on newly discovered evidence was also denied on September 14, 1994.

On December 27, 1994, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied on March 27, 1995. The district court's

decision was affirmed on appeal. *See United States v, Owens*, 1995 WL 686265 (D.C. Cir. Oct. 4, 1995). In the motion now before the Court, defendant seeks to vacate his conviction on the grounds that his mental retardation negated his criminal intent and rendered him incompetent to assist in his defense.

## I.  DISCUSSION

It is undisputed by defendant that this is his second motion under 28 U.S.C. § 2255. Before a second or successive motion to set aside, vacate, or correct sentence can be considered by a district court, a defendant must first seek an order authorizing the filing of the motion from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); 2255. A district lacks jurisdiction to consider a second or successive motion in the absence of certification from the circuit court. *Moore v. DOJ*, 1998 WL 545421 at * 1 (D.C. Cir. July 17, 1998); *Hudson v. United States*, 1998 WL 315593 at *1 (D.C. Cir. May 29, 1998).

Defendant did not seek or obtain a certification from the United States Court of Appeals for the District of Columbia Circuit prior to filing his successive application in this Court. Accordingly, the United States' motion to dismiss will be granted and the defendant's motion will be denied for lack of jurisdiction.

A separate order accompanies this Memorandum Opinion.

_____/s/_____<br>
Thomas F. Hogan, Chief Judge<br>
United States District Court

Date: January 4, 2006